[No. 3,739.]

## HANNAH O'BRIEN *v.* SAMUEL FOREMAN.

SEPARATE PROPERTY OF WIFE. — The right of the husband, under the statute defining the rights of husband and wife, to control and manage the separate property of the wife, does not carry with it the right to sell the wife's personal property.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The property sued for was a horse, eight hogs, one cow, and twenty-five tons of barley. The barley was raised on the plaintiff's farm.

The plaintiff had judgment, and the defendant appealed. The other facts are stated in the opinion.

*W. L. Dudley* and *J. H. Budd*, for Appellant.

*Byers & Elliott*, for Respondent.


By the COURT :

This is an action of replevin, to recover certain personal property, or the value thereof, alleged to have been converted to his own use by the defendant. At the time of the alleged conversion, the plaintiff was a married woman, and the property was her separate property. The husband of the plaintiff sold the property to the defendant, but the plaintiff did not join in the sale or in anywise consent to it.

The only point presented by the appellant is the refusal of the Court to give to the jury an instruction in these words :

"Fourth—If the jury believe from the evidence that the defendant purchased in good faith from the husband of plaintiff the barley sued for, and the same was delivered to defendant under such purchase, then the jury cannot find for plaintiff as to such barley."

Section six of the Act defining the rights of husband and wife provides that the " husband shall have the management and control of the separate property of the wife during the continuance of the marriage," but it also provides that the " personal property of the wife shall not be sold, assigned, or transferred, unless both husband and wife join in the sale, assignment, or transfer thereof, except property which she is

or may be authorized by law to sell, assign, or transfer as a *femme sole.*"

It is clear that under this statute the defendant could not acquire a title to the plaintiff's property by the purchase from the husband alone. The right to manage and control does not carry with it the right to sell.

Judgment and order affirmed.