JOSEPH SNYDER v. EMMA S. WILSON AND LUCIUS O. WILSON.

*Justices of the peace—Message sent to jury by justice—Verdict—Certiorari.*

1. Where, after a jury has been sent out, the officer in charge informed the justice that they desired to know if a certain judgment introduced in evidence should be considered by them, to which inquiry the justice answered, through the officer, that he had been ordered to discharge the judgment,—

   *Held,* error to send such message.

2. Where a jury returned into court and announced their verdict, which, not being satisfactory to either party, was by consent set aside, and, by request of the parties, the justice remained with the jury while further considering the case and agreeing on a verdict,—

   *Held,* that the parties, by such action, constituted a tribunal of their own to determine what verdict should be rendered, and that on its rendition the justice had jurisdiction to render judgment thereon, and that *certiorari* will not lie to correct the same, if erroneous.

Error to Eaton. (Stevens, J., presiding.) Argued January 26, 1887. Decided April 14, 1887.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Webster & Mills,* for appellant.

*Ralph E. Stevens,* for defendants.

SHERWOOD, J. This is an action of replevin, brought by the plaintiff against the defendants for the recovery of a quantity of lumber, to the possession of which the plaintiff claimed to be lawfully entitled, and which he claimed was wrongfully detained from him by the defendants.

The declaration was the usual one in replevin in such cases.

The defendants pleaded the general issue, and gave notice that they would show on the trial that the title to the property was in some third person, to them unknown; and that the plaintiff, at the time he commenced his suit, was indebted to the defendant Emma S. Wilson to a large amount, to wit, $300, for work done by her agents under contract with and by direction of the said plaintiff, in and about the said goods and chattels, and for which she had and still claims a lien on the goods and chattels detained. The record shows that the claim she made was all, or nearly all, for sawing the lumber replevied.

The defendant Lucius O. Wilson claimed not to have any interest in the lumber in question, and that he was only an employé or agent of the other defendant.

The case was tried by a jury before the justice, and the defendants obtained a verdict of no cause of action against the defendant Lucius O. Wilson, and in favor of Mrs. Wilson, the other defendant, for the sum of $119.84, and the justice rendered judgment accordingly, giving defendants costs amounting to $19.

It appeared upon the trial that Mrs. Wilson had previously sued the plaintiff for a portion of the sawing she had done

65 MICH.—22.

for the plaintiff, and obtained a judgment therefor before the same justice for the sum of $300, which had been paid, but not discharged.

The plaintiff, feeling himself aggrieved by the judgment entered, removed the same by *certiorari* to the circuit court for the county of Eaton, where the case was heard before Judge Stevens, who, in giving his views, says:

"The proceedings having been fully examined and understood, and, it appearing to said court that there is no error affecting the merits of the controversy between the parties, either in the record and proceedings or in the judgment given in said justice's court, therefore it is in all things affirmed."

The plaintiff, still feeling himself aggrieved, has removed the cause to this Court for review.

The proceedings before the justice upon which the questions in this case are raised sufficiently appear in the following extract taken from the justice's return to the writ of *certiorari* contained in the record, viz.:

"There was at the time of the trial of this case a judgment on my docket in favor of Emma S. Wilson, and against Joseph Snyder, for the amount of three hundred dollars damages, and three dollars costs; and it was proven on said trial that this last-named judgment was for a part of this saw bill, and said judgment had not been discharged, but had been paid, and defendant refused to order it discharged.

"After all the witnesses had been examined, and the argument of the counsel, the case was submitted to the jury, and an officer sworn to take charge of the jury in the usual form in Tiffany's Justice Guide. After the jury had been out some time, the officer came to me, and said the jury wished to see me. I said, 'The jury cannot see me.' He then said they wished to know if they must take into consideration that judgment of Emma S. Wilson against Joseph Snyder. Lucius O. Wilson was informed what the jury said. He said the judgment was paid, and he then authorized me, as Emma S. Wilson's agent, to discharge said judgment. The officer then said to me: 'What shall I say to the jury?' I said to him: 'You may say to them that Mr. Wilson has ordered me to discharge the judgment.' In a short time they sent

word to me that they had agreed on a verdict. The jury came in, and, after being asked by me if they had agreed on a verdict, the foreman said they had. I asked them what it was. He said: 'They find for the defendants in the sum of ninety-nine dollars damages, and costs of suit.'

"The defendants' attorney objected to the verdict, as there was no claim by plaintiff against defendant L. O. Wilson, only as agent for Emma S. Wilson, and asked to have the jury reconsider their verdict. Defendants' attorney also asked me to remain with the jury, and answer any law questions they might wish to ask me. I objected to do so, but, after being urged by said attorney to do so, and plaintiff's attorney consenting to it, I did remain after the other parties left the room, and the only question asked me by the jury was, were they bound in the amount of damages by the amount in the affidavit for replevin. I said to them they were not, and read the law from Tiffany's Justice Guide to them, and then left them. In a few minutes I was told by the officer they had agreed on their verdict, and, after coming in the room, I asked them if they had agreed on their verdict. They said they had, and the foreman announced the following: 'We find no cause of action as to L. O. Wilson, and a verdict for one hundred and nineteen and eighty-four one-hundredths dollars in favor of defendant Emma S. Wilson;' and judgment was rendered accordingly, with defendants' costs, amounting to seven dollars, and twelve dollars jury fees. The jury was then paid by me, and discharged."

The following are the objections to the proceedings urged at the circuit, and the same are relied upon here for a reversal:

"1. For the reason that the jury and the attending officer communicated with each other during the time the jury was deliberating on the case, and that such communication consisted of more than for the officer to ask the jury whether they had agreed upon a verdict, and the answer thereto.

"2. That the jury took into consideration in their deliberations the fact, as informed by the officer, that Lucius O. Wilson, as agent for Emma S. Wilson, authorized the justice of the peace to cancel the judgment heretofore mentioned after the cause was fully tried and submitted to them for decision.

"3. That the jury rendered a verdict, upon which the

judgment is based, after a former verdict had been arrived at and agreed upon by them in the same cause, and announced by the foreman in open court.

"4. That the jury rendered a verdict in favor of the defendant Emma S. Wilson for an amount of damages including an amount claimed against the plaintiff to be due to the defendant Emma S. Wilson for house and barn rent, under a notice of lien for work and labor done and performed in and about the goods and chattels replevied."

It was erroneous for the justice to send the message he did to the jury by the constable before they came in the first time. If they desired instructions from the court, they should have been allowed to come before the court and parties, and in open court receive them. But after they did come in with their verdict, which did not appear to be satisfactory to either party, the parties agreed to set that verdict aside, and consented to the jury, accompanied by the justice, again returning to their room for consultation and to make up their verdict, which they did, and rendered the one complained of.

When the parties allowed the jury and the justice together to participate in the consultations in the jury-room which were to decide the controversy between the parties, the latter constituted a tribunal of their own to determine what verdict should be rendered; and after the rendition of the same, all having been done by the consent of the parties, the court had jurisdiction to render judgment thereon, and, if the verdict was wrong, the parties are remediless by *certiorari.* Some things said in *Harris v. Sweetland,* 48 Mich. 110, have a bearing upon this case. The circuit judge was not in error.

The judgment, therefore, affirming that of the justice was right, and it must be so entered.

The other Justices concurred.