# THE FIDELITY AND DEPOSIT COMPANY

*v.*

## BECK.

---

JUSTICES OF THE PEACE; CERTIORARI; RULE TO SHOW CAUSE.

1. Sharp and technical points in procedure before justices of the peace are not to be commended; and whenever it is apparent they have been resorted to as a means to accomplish an end, they always tend to excite suspicion of the want of fairness of the result attained.
2. Where a justice of the peace in this District has jurisdiction of the subject-matter and of the parties and proceeds to judgment, errors he may have committed, such as refusing to transfer the case to another justice upon a proper application, and rendering judgment for plaintiff regardless of a sufficient affidavit of defence, and wilfully and wrongfully refusing to approve an appeal bond tendered by the defendant, cannot be corrected by means of the writ of *certiorari.*
3. But in such a case a rule may be granted by the Supreme Court of this District upon the justice of the peace to show cause

why the appeal should not be allowed, and the appeal bond or undertaking should not be accepted, and the original papers filed with the clerk of that court, as required by R. S. D. C. Sec. 1030.

No. 744. Submitted December 8, 1897. Decided February 9, 1898.

HEARING on an appeal by the petitioner from an order quashing a writ of *certiorari* to a justice of the peace. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. L. H. Poole* and *Mr. Edwin B. Hay* for the appellant.

*Mr. Clayton E. Emig* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal from an order of Mr. Justice Cox, of the Supreme Court of this District, quashing a writ of *certiorari*, issued to Justice of the Peace Samuel R. Church, which writ was issued upon the alleged ground that the justice had proceeded without jurisdiction, and in total disregard of right, in the matter before him. The petition for the writ of *certiorari* shows that there was jurisdiction in the matter pending before the justice, but whether that jurisdiction was judiciously and impartially exercised is a different question. The claim sued on by the plaintiff in the action presented a case within the jurisdiction of the justice, but it did not follow that the plaintiff was entitled to recover upon the claim, regardless of the defences offered or attempted to be offered by the defendant. The defences offered, or attempted to be offered by the defendant were not accepted by the justice, and it is alleged that they were improperly excluded by him. The defendant should certainly have been allowed a fair opportunity to present its defences, of whatever nature they were. Sharp and technical points in procedure before justices of the peace are not to be commended; and wherever it is apparent that they have been resorted to as a

means to accomplish an end, they always tend to excite suspicion of the want of fairness of the result attained.

The effort on the part of the defendant to have the case transferred from the jurisdiction of Justice Church to another justice of the peace, depended upon the sufficiency of the affidavit that was filed; and if the affidavit was, according to the honest judgment of the justice, insufficient, the refusal to transfer the case could furnish no cause of complaint to the defendant. But the serious and most important questions in the case are those relating to the manner of entering the judgment, and the subsequent proceedings whereby the right of appeal was denied to the defendant. Whether the appeal bond or undertaking that was tendered by the defendant was sufficient in form and of a character to entitle the defendant to an appeal was a question for the justice to decide, and if he held the undertaking or bond to be insufficient, and not such as the statute required, the appeal, by the express terms of the statute, was not perfected, and therefore the defendant was not entitled to have the papers and proceedings of the case transmitted by way of appeal to the Supreme Court of the District. Act of Congress of February 19, 1895, Ch. 100, Sec. 3, relating to the District of Columbia; and Sec. 1029, R. S. D. C.

There being jurisdiction in the justice of the peace to adjudicate the subject-matter of controversy, while there may have been errors and gross irregularities in the proceeding, the remedy is not by *certiorari* to have such errors and irregularities corrected by an appellate court, but by an appeal—an appeal being expressly provided by statute. It has been time and again decided, and often repeated by this court, that the common law writ of *certiorari* cannot be made to serve the purpose of a writ of error or of an appeal. It is not for the purpose of correcting errors or irregularities, however gross, in the decisions of inferior tribunals, committed within the scope and limits of their jurisdiction, but for the purpose of preventing the exercise of jurisdiction

that does not belong to them, that the writ of *certiorari* is allowed.

But it is alleged in the petition for the writ in this case, that the justice of the peace has acted arbitrarily and wilfully perverse in conducting the proceedings before him, and with a predetermined purpose to defeat the rights of the petitioner; that he perversely and wrongfully refused to transfer the case to another justice of the peace upon the timely and proper application of the petitioner, as defendant in the action; that he entered judgment against the petitioner, regardless of a proper affidavit of defence; and that he refused to accept and approve an undertaking to secure an appeal to the Supreme Court of the District; and that, as it is alleged, by "refusing to approve said proposed appeal bond, or any bond that might be offered by the petitioner, and refusing to allow the petitioner any appeal, Justice Church has denied the validity of the existing rules prescribed by this court for the regulation of the practice upon appeals from justices' courts, and the time and manner of filing and approving appeal and supersedeas bonds in such cases; and the petitioner further shows that Justice Church has refused to conform his practice to the rules prescribed by this honorable court, and that he has wilfully refused the petitioner an appeal, although petitioner is entitled to an appeal under the provisions of the rules and law in such cases made and provided."

The prayer of the petition is that a writ of *certiorari* be issued to the justice of the peace, Samuel R. Church, commanding him to quash the execution issued on the judgment rendered against the petitioner, and to certify the record and proceedings to the Supreme Court of the District.

The allegations of the petition do not show a proper case for a *certiorari*, but if they state the truth of what did really occur in the proceedings before the justice, and the latter

was actuated by the motive imputed him, it would be a scandal and reproach to the administration of justice if there were no means known to the law for the correction of such abuses. The law, however, is not so impotent as to be without adequate process to reach such cases, where the facts are brought to the attention of the proper tribunal, and are fully established. The remedy in such case is not by writ of *certiorari* to simply remove the proceedings from before the justice, but by a proceeding to reach the justice himself. We are not passing judgment upon Justice Church in this case, and we hope he will be able to refute the imputation cast upon his judicial proceedings; but we are simply pointing out the well-established process by which such abuses as those alleged in the petition filed in this case may be reached and corrected wherever they are shown to exist by clear proof.

By the act of Congress of June 7, 1878, the Supreme Court of this District has power to fix the amount and form of the bonds, and approve the same, to be given by the justices of the peace of this District. And by section 996, R. S. D. C., the Supreme Court of the District is required to make and establish rules of practice and to prepare and publish forms of pleadings, for bringing all forms of actions and the trial thereof, before justices of the peace; and by section 1031, R. S. D. C., the Supreme Court of this District is given power, at a general term, to remove justices of the peace after due notice and an opportunity to be heard in their defence, and for causes to be assigned in the order of removal. All this necessarily implies a general supervision by the Supreme Court over the official conduct of the justices of the peace of this District; and this by analogy to the power of supervision of the superior courts of England exercised over the inferior courts and officers of that kingdom, engaged in the administration of justice.

By the common law, which is in full force here, "con-

12 Ct. App.—17

tempts are either *direct*, which openly insult or resist the powers of the courts or the person of the judges who preside there, or else are *consequential*, which without such gross insolence or direct opposition plainly tend to create a universal disregard of their authority. The principal instances of either sort that have been usually punished by attachment are chiefly of the following kinds: 1. Those committed by inferior judges and magistrates by acting *unjustly*, *oppressively* or *irregularly* in administering those portions of justice which are intrusted to their distribution, or by disobeying the lawful writs issuing out of the superior courts by proceeding in a cause after it is put a stop to or removed by writ of prohibition, *certiorari*, error, *supersedeas*, and the like; for, as the King's superior courts (and especially the court of King's Bench), have a general superintendence over all inferior jurisdictions, any corrupt or iniquitous practices of subordinate judges are contempts of that superintending authority *whose duty it is to keep them within the bounds of justice*." 4 Black. Com. 284; 2 Hawk. P. Cr. 142. And so it is laid down in 1 Tidd's Prac. 479, as established that a rule to show cause may be granted "against *inferior judges* and officers, for acting *unjustly, oppressively, or irregularly in the execution of their duty*."

Therefore, though a *certiorari* may not be a proper remedy in such case as the present, yet, if the facts, such as are alleged in the petition in this case, be properly verified and supported, a rule may be granted upon the justice of the peace to show cause why the appeal should not be allowed, and the appeal bond or undertaking tendered should not be accepted, and the original papers filed with the clerk of the Supreme Court, as required by section 1030, R. S. D. C. This rule requiring an answer from the justice, it affords him an opportunity to justify his proceeding, and if justification be not shown, an order may be made to meet the exigency of the case.

The order appealed from must be affirmed. And it is so ordered.

*Order affirmed, and cause remanded.*

On February 23, 1898, a motion for a rehearing was made on behalf of the appellant.

On April 4, 1898, the motion was denied. Mr. Chief Justice ALVEY delivered the opinion of the Court:

The appellant has made an application in this case for a rehearing upon the ground, as stated, that the justice· of the peace "did not proceed according to the essential requirement of law."

In deciding this case we have held that the justice of the peace had jurisdiction of the subject-matter and of the parties; and as he proceeded to judgment against the defendant, whatever errors he may have committed in the course of the proceedings could only be corrected on appeal, and not by *certiorari*. We have said in this case, as we had said in several preceding cases, that the common law writ of *certiorari* can not be made to serve the purposes of an appeal or writ of error. As means for the correction of all such errors as are alleged in this case, the law has provided an appeal. And the justice in this case having jurisdiction, though he may have committed error in refusing to transfer the proceedings to another justice of the peace, upon the application of the defendant in the action, and as required by the statute, or in refusing to receive and act upon the affidavit of defence at the time it was offered, under the rule prescribed for his government; or in refusing to accept and approve the appeal bond that was tendered, and allow an appeal from the judgment that was rendered, as provided by the statute, all such proceedings were within the scope of the jurisdiction of the justice, and errors, however manifest, committed in respect thereto, could be corrected on appeal, and not by *certiorari*. *Johnson* v. *Moss*, 20 Wend. 145; *Morley* v. *Elkins*, 37 Cal. 454; *Monreal* v. *Bush*, 46 Cal.

·80; *Sherer* v. *Sup. Court*, 96 Cal. 653; *Varrell* v. *Church*, 36
Wis. 318; *Snyder* v. *Wilson*, 65 Mich. 336.

The motion for rehearing is therefore overruled.

In this connection, we deem it proper to state that Justice
Church, whose proceeding was the subject of complaint in
the petition for the writ of *certiorari*, complains and says, in
a communication to a member of the court, that he thinks
he has been unduly and too severely criticised in the opin-
ion of the court in respect to his proceedings. But that is
an entire mistake on his part. We expressly disclaimed
any intention of passing judgment upon the judicial con-
duct of the justice, because he was not before us. In what
we said in regard to those proceedings, it was said in refer-
ence to the facts alleged in the petition for the *certiorari*, and
which petition was sworn to by the agent of the petitioner.
In the opinion, the court was dealing with the facts alleged,
and upon the supposition that those facts, with the wilful
purpose imputed to the justice by the allegations of the
petition, could be duly established as alleged in the petition.
Those allegations were set forth as the ground for the relief
prayed. Great wrong and injustice may have been done
Justice Church in making such allegations and imputing
such wilful purpose as we find in the petition. And while
the court held that there was jurisdiction in the justice over
the subject-matter, there was no remedy for the alleged
errors by *certiorari*, and therefore we proceeded to point out
the proper proceeding by which the party could obtain the
benefit of the appeal that had been denied it, by the deter-
mined act of the justice, according to the allegation of the
petition. In the mode of proceeding pointed out, the jus-
tice would have ample right and opportunity of vindicating
his proceedings against any unjustifiable impeachment of
them. We have not passed upon the question of the truth
or falsity of the facts alleged, nor upon the judicial conduct
of Justice Church, further than to point out the remedy for
the grievance complained of, upon the supposition that such ·

facts might be established as alleged in the petition. We should regret very much if anything said in the opinion has been construed to the prejudice of Justice Church, differing from the sense and meaning of the opinion just stated. Of course, the facts as they have been alleged in the petition and placed upon the record, must speak for themselves, until they are refuted in a proper way.