SALVATORE v. CITY OF HARPER WOODS.

APPEAL OF OAK CONSTRUCTION COMPANY.

1. CONTRACTS—EXISTENCE—PLEADING—INSTRUCTIONS.

It was not error for trial court to charge jury that a contract existed between plaintiff subcontractor and defendant contractor on construction project for defendant city where plaintiff's declaration contained an allegation of the formation of a contract and defendant contractor's answer admitted such allegation and in its recoupment claim such defendant itself alleged the formation of a contract with plaintiff.

2. SAME—TERMS—QUESTION FOR JURY—INSTRUCTION.

Trial court's instructions to jury in plaintiff subcontractor's action on subcontract against defendant contractor on construction project for defendant city, wherein court submitted plaintiff's version of the contract and defendant's version and its claim that plaintiff had not complied with its terms together with instruction that, for plaintiff to prevail he must prove all parts of his claim by a fair preponderance of the evidence properly presented issue as to what the terms of the contract were.

REFERENCES FOR POINTS IN HEADNOTES

[1-3]. 53 Am Jur, Trial § 672.
[4, 5]. 53 Am Jur, Trial § 904.

3. Same—Instruction—Ambiguity—Correction of Error.

Instruction given to jury in plaintiff subcontractor's action on subcontract against defendant contractor on construction project for defendant city wherein defendant contractor claimed recoupment, that jury had choice of 3 verdicts, (1) for plaintiff, (2) for defendant, and (3) no cause for action for either party, and that if it found for both it was to deduct the smaller claim from the greater and bring in a verdict for the difference *held*, not to have been prejudicially erroneous, especially where defendant failed to call trial court's attention to the ambiguity while corrective action was possible.

4. Trial—Colloquy Between Judge and Jury—Absence of Parties and Counsel.

Colloquy between court and jury in the absence of parties and counsel relative to matter that was not an exhibit *held*, not prejudicial to appellant-defendant, where subject of colloquy related to figures in defendant's claim of recoupment and jury returned no recoupment award at all.

5. Same—Colloquy Between Judge and Jury—Absence of Parties and Counsel—Delay.

Judgment for plaintiff subcontractor in action on subcontract against defendant contractor on construction project for defendant city is not disturbed because of absence of counsel and parties from courtroom when jury returned for further instruction and colloquy between judge and jury in open court relative to amount of recoupment figure was recorded, and jury awarded no recoupment, as the trial judge is not barred from proceeding to give further instruction, in the absence of counsel, if undue delay of the jury's deliberations would result, even though there is no stipulation on the record permitting such further instruction, and no objection was made until after rendition of the verdict.

6. Contracts—Verdict—Great Weight of Evidence.

Defendant contractor's claim that verdict for plaintiff subcontractor was against the great weight of the evidence *held*, without merit, where evidence adduced presented issue for consideration of jury as to what the terms of the contract were and jury was not required to find nonperformance in accordance with defendant's version of the terms.

Appeal from Wayne; Rushton (Carroll C.), J., presiding. Submitted October 8, 1963. (Calendar

No. 3, Docket No. 49,751.)   Decided December 2, 1963.

Assumpsit by Anthony Salvatore against the City of Harper Woods, a municipal corporation, and Oak Construction Company, a Michigan corporation, for sums due on construction contract.   Recoupment claimed by defendant Oak Construction Company. Cause dismissed as to defendant city on motion. .Verdict and judgment for plaintiff.   Defendant Oak Construction Company appeals.   Affirmed.

*Leithauser & Grossbart* (*Julius M. Grossbart,* of counsel), for plaintiff.

*John B. Osgood,* for defendant Oak Construction Company.

SOURIS, J.   Defendant Oak Construction Company, a prime contractor of defendant city of Harper Woods, subcontracted part of its construction project to plaintiff Anthony Salvatore.   Upon completion of the subcontract, Salvatore sued defendants in assumpsit for the balance due him on his subcontract with Oak.   Oak, in turn, filed a claim in recoupment against plaintiff.   During trial, by consent of the parties, the city was dismissed from the case.   A jury awarded plaintiff $40,675, the full amount of his claim against defendant Oak Construction Company, and judgment was entered thereon, together with interest, from which judgment defendant Oak has taken this appeal.

Defendant's principal claims, relating to the judge's instructions to the jury, are that the trial court erred (1) in charging there was a contract when, if there was a contract, it was oral and there was conflict as to its terms; (2) in not charging the

terms of the contract it found to exist; (3) in refusing to charge that the terms of the contract were fact questions for the jury, when the contract was oral and the parties disagreed as to its terms; and (4) in giving the jury a confusing charge on the alternative verdicts it could return.

1. In his declaration plaintiff alleged the formation of a contract between defendant and him, which allegation defendant admitted in its answer. In its recoupment claim defendant itself alleged the formation of a contract with plaintiff. Thus, the court did not err in charging that a contract existed. Indeed, 1 of defendant's requested charges was:

"It is the claim of defendant, Oak Construction Company, that on or about June 1, 1959, plaintiff agreed to perform or cause to be performed certain labor and furnish certain materials as provided for in the prime contract between Oak Construction Company and the city of Harper Woods."

In support of its claim that the court erred in charging the existence of a contract, defendant quotes from *Reinhard* v. *Grand Rapids School Equipment Co.,* 211 Mich 165, 177:

"The understanding of the parties to an oral contract is shown by the evidence of what was said at the time by the parties who made it—not by their secret thought but by their expressed intention. When their testimony conflicted it remained for the jury to determine what the contract was."

Even as it stands this quotation from *Reinhard* does not aid defendant, for it does not say that in such circumstances the court may not charge that a contract existed, but rather, it says only that the determination of the terms of the contract is a matter for the jury. In fact, *Reinhard* was a case very similar to this case of Salvatore in that no one

doubted that a contract existed, the only disagreement being over its terms. "Their disagreement is not as to whether the minds of the contracting parties met, but upon what they met." *Reinhard,* pp 175, 176.

2 and 3. The court did not and could not charge the jury as to the terms of the contract since, as defendant is sedulous to assert, there was conflict as to its terms. The court submitted plaintiff's version of the contract, and defendant's version and its claim that plaintiff had not complied with its terms, and the court further instructed the jury that for plaintiff to prevail he must prove all parts of his claim by a fair preponderance of the evidence. Defendant could properly demand no more.

4. Defendant claims that the court erred "in charging there were 3 possible verdicts when he then gave 4 possibilities and there were several more." The court's language was:

"You have your choice here of 3 verdicts:

"(1) We find for the plaintiff in the amount of blank dollars;

"(2) We find for the defendant in the amount of blank dollars; and then

"(3) We find no cause of action for either party. "Now, in the event that you should find for both parties, then you would deduct the smaller from the greater and bring in a verdict for the difference. You understand that, I presume, because this is a claim by the plaintiff against the defendant and then the recoupment. So you have those 3 verdicts: [repeating]."

It would have been better had the trial court instructed the jury that it could return a verdict for either party, for neither party, or for both. However, since the given instruction might cause some confusion only in the extraordinary event that the jury concluded that each party was entitled to pre-

cisely the same amount, and since it is not even suggested that such was, or could have been, the jury's finding in this case, we cannot say properly that the charge was prejudicially erroneous. In any event, defendant failed to call to the trial court's attention, when time still remained for corrective action, the ambiguity in its jury charge. See *Lober* v. *Sklar,* 357 Mich 166; and *Gilson* v. *Bronkhorst,* 353 Mich 148. What was said in *Lober* and *Gilson* in this regard now, and since January 1, 1963, can be found in GCR 1963, 516.2.* 

In addition to the defendant's assertion of reversible errors in the court's instructions to the jury discussed above, the defendant also claims the court erred by communicating with the jury in the absence of the parties and counsel. After the jury had retired for deliberation and at a time when parties and counsel were absent from the courtroom, at about the noon hour, the jury returned to the courtroom to inquire about certain figures 1 of defendant's witnesses had placed on a blackboard regarding its recoupment claim for $108,000. The judge informed the jury that the blackboard figures were not an exhibit and told the jury:

"That is his recoupment figure. You cannot bring in a figure higher than *  *  * that figure, but that was not an exhibit. It was merely—

"*The Foreman:* We made a mistake, then—

"*A Juror:* —if we didn't copy those figures down.

"*The Court:* That was never an exhibit. Those were Mr. Osgood's [defendant's counsel] figures, you see. You can't take that. It is your judgment

---

* GCR 1963, 516.2 provides: "Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

as to what those figures should be, if you are considering it at all."

Since the jury was aware of the recoupment figure, had all the exhibits, and was told that the amount of recoupment was within its discretion up to the maximum claimed, it does not appear that defendant was prejudiced by this colloquy, especially since the jury returned no recoupment award at all. The blackboard figures would have been of use to the jury only if it had determined that some portion of defendant's recoupment claim was due defendant.

Concerning the absence of counsel and parties during this incident, defendant quotes *Wilson* v. *Hartley,* 365 Mich 188, 189:

"Trial judges have a responsibility to communicate to the jury directly in open court and in the presence of, or after notice to, the parties or their counsel."

However, that case involved the entrance of the bailiff and clerk into the jury room to convey to the jury oral instructions from the judge in answer to a written note from the jury, and so is distinguishable from Salvatore, where the proceedings occurred in open court and were recorded.

In *National Life & Trust Co.* v. *Omans,* 137 Mich 365, 367, 368, this Court said:

"The court, after the jury had retired, called them in for further instructions, which were given in the absence of the parties. The instructions were taken down by the reporter in the usual manner, but it is claimed that the court erred in giving these instructions in the absence of counsel. * * * [The] cases hold that it is improper for the judge to visit the juryroom or send communications to the jury in the absence of any consent of counsel, but none of them holds that the court is made responsible for the at-

tendance of counsel in court during trial, or when additional instructions may be given."

While agreeing with *Omans, supra,* that counsel's absence from the courtroom when a jury returns for further instructions does not bar the trial judge from proceeding, he should not do so unless *undue* delay of the jury's deliberations would result or unless counsel have agreed by stipulation on the record to permit such further instruction in their absence.

Defendant's final claim of error is that the verdict was against the great weight of the evidence. The speciousness of this claim may be judged from the fact that defendant bases it upon testimony by plaintiff that he did not perform according to the terms of the contract as alleged by defendant. Inasmuch as the jury was entitled to find from the evidence before it that the terms of the contract were not as claimed by the defendant but were, instead, what the plaintiff claimed them to be, defendant's claim is without merit.

Affirmed, with costs to plaintiff.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Smith, and O'Hara, JJ., concurred.