## WELSH *v.* OHANESIAN.

### DECISION OF THE COURT.

1. STATUTES—MULTIPLE DWELLING—STAIRWAYS—HANDRAILS.
    Judgment for defendant multiple dwelling owner in action by
    plaintiff who had been injured in fall on stairway equipped
    with only a single handrail, is affirmed, the statute requiring
    handrails on both sides of stairways in such buildings having
    been adopted after building was erected and not thereafter
    amended in such a way as to make the statute applicable to
    such building (P.A. 1917, No 167, as amended by P.A 1919,
    No 326).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FAILURE TO OBJECT.
    Appellant may not argue in appeal whether other issues could
    have been presented to the jury, where the jury charge was
    not objected to at the time of trial (GCR 1963, 516.2).

### SEPARATE OPINION.
### DETHMERS, KELLY, BLACK, and O'HARA, JJ.

3. STATUTES—TITLES—SUBJECT OF ACT.
    *A title is an indispensable part of every statute, and the ex-
    pression of the subject of the act must be found, if at all,
    in the words of the title.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 7]  32 Am Jur, Landlord and Tenant §§ 688, 702; 50 Am Jur,
    Statutes §§ 60, 475.
    Liability of landlord for personal injury or death due to defective
    inside steps or stairways for use of several tenants.  25 ALR2d
    364.
[2]  5 Am Jur 2d, Appeal and Error § 891.
[3–5, 9]  50 Am Jur, Statutes § 159 *et seq.*
[6]  50 Am Jur, Statutes §§ 60, 475.
[8]  53 Am Jur, Trial § 824 *et seq.*
[10, 11]  50 Am Jur, Statutes §§ 204–207.
[12]  50 Am Jur, Statutes § 534 *et seq.*
[13]  50 Am Jur, Statutes § 539.
[14]  50 Am Jur, Statutes § 518.

4. Same—Constitution—One Object Expressed in Title.
   *Constitutional requirement that an act shall have "one object, which shall be expressed in its title" requires that the title must embrace the object of the act, and the body of the act must not be inconsistent with the title (Const 1908, art 5, § 21; Const 1963, art 4, § 24).*

5. Same—Contents—Limitation by Title.
   *The body of a statute must not contain provisions contrary to or not germane to the object stated in the title, since the title gives notice that no matters except those which it indicates will be found in the body (Const 1908, art 5 § 21; Const 1963, art 4, § 24).*

6. Same—Retroactive Operation.
   *The legislature must give a clear, direct, and unequivocal expression of its intent to have a statute operate retroactively.*

7. Same—Multiple Dwellings—Stairway—Handrails.
   *Housing law provisions requiring handrails on both sides of all stairs in multiple dwellings held, not to have been applicable to defendant's rooming house which had been erected many years before the housing law was enacted and title of article of the act in which the handrail provision was included restricted application of all sections therein to dwellings "hereafter erected," notwithstanding subsequent amendment of particular section of act had deleted term "hereafter erected," without amending title of article of the act (CL 1948, § 125-.442).*

8. Negligence—Violation of Statute—Common Law—Objection—Waiver—Multiple Dwelling Stairway Handrails.
   *A plaintiff who had agreed to the submission of his case to the jury on the basis that defendant had violated statute in not providing handrails on both sides of stairway in his multiple dwelling and failed to object that jury was not instructed defendant was also under a common-law duty to furnish such handrails thereby waived consideration by the jury of defendant's common-law liability (CL 1948, § 125.442).*

   See headnote 2.

Separate Opinion.

T. M. Kavanagh, C. J., and Souris, Smith, and Adams, JJ.

9. Statutes—Titles—Catch Lines—Article Headings.
   *The label "dwellings hereafter erected" appearing at the head of an article of the State housing act is not a catch line head-*

*ing which follows a section number, in which case it would
be of no interpretive value, but rather it is part of the act
itself (CL 1948, § 125.442; CL 1948, § 8.4b).*

10. SAME—AMENDMENTS—PROSPECTIVE APPLICATION.

*Removal of word "hereafter" from certain sections of an article
of the State housing act by amendments did not evidence a
legislative intent to make provisions of those sections appli-
cable to buildings erected before adoption of the act, but such
deletions from certain sections merely removed a redundancy
which existed as to those sections, since the heading of the
article remained "dwellings hereafter erected" (PA 1917, No
167, as amended by PA 1919, No 326).*

11. SAME—AMENDATORY ACT—ARTICLE HEADINGS.

*Fact that act amending certain sections of the State housing act
did not set out the article headings of the act held, not to
indicate an amendment or repeal of said headings, where title
of the amendatory act specifically stated that it was designed
to amend the enumerated sections (PA 1917, No 167, as amend-
ed by PA 1919, No 326).*

12. SAME—CONSTRUCTION—REPEAL BY IMPLICATION—INTENT.

*The theory of the principle of repeal by implication is that the
latest expression of the legislative will should control, and
when the intention of the legislature can be ascertained, it is
the duty of the courts to give it force and effect.*

13. SAME—PRESUMPTIONS—REPEAL BY IMPLICATION.

The presumption is always against the intention to repeal where
express terms are not used, and the implication, in order to
be operative, must be necessary.

14. SAME—INTENT TO REPEAL.

The intent to repeal must very clearly appear and courts will
not hold to a repeal if they can find reasonable ground to
hold the contrary.

See headnote 2.

Appeal from Court of Appeals, Division 1; Watts,
P. J., and Quinn and J. H. Gillis, JJ., affirming
Wayne; Bowles (George E.), J. Submitted Febru-
ary 9, 1966. (Calendar No. 5, Docket No. 51,292.)
Decided June 8, 1966.

1 Mich App 290, affirmed.

Declaration by John Welsh against Aram Ohanesian for injuries sustained by a fall on a stairway in defendant's building. Judgment for defendant notwithstanding verdict for plaintiff. Plaintiff appealed. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*Daniel S. Cooper,* for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest,* of counsel), for defendant.

KELLY, J.   Plaintiff, a tenant, was injured in a fall which occurred on the front steps of defendant's building.   On the date of the accident (June 13, 1960) there was only one handrail on the stairs in question.   In his action to recover damages plaintiff alleged general grounds of negligence and, specifically, that defendant violated section 42 of the State housing law[1] which requires handrails on both sides of any stairway in multiple dwellings.   Defendant's answer denied such allegations and asserted contributory negligence as an affirmative defense.

At the close of plaintiff's proofs, defendant made a motion for directed verdict and the court reserved judgment.[2]   The case went to the jury solely on the basis of the lack of a handrail on the stairs.   The trial judge charged the jury that the failure to have a handrail on both sides of the stairs was negligence *per se* as a violation of the State housing law, and the jury returned a verdict of $3,000 for plaintiff.

After hearing argument of counsel the court granted defendant's motion for judgment *non obstante veredicto,* stating that section 42 of the State housing law did not apply to defendant's building,

---

[1] CL 1948, § 125.442 (Stat Ann 1958 Rev § 5.2813).
[2] See GCR 1963, 515.—REPORTER.

as defendant's building was constructed at least 15 years before the enactment of the housing law.

Plaintiff moved the court to set aside the judgment *non obstante veredicto* or, in the alternative, to grant a new trial. Both motions were denied and the court of appeals has affirmed the judgment. See *Welsh* v. *Ohanesian,* 1 Mich App 290.

On appeal plaintiff urges two points: First, that the State housing law (effective August 10, 1917) applies retrospectively to defendant's building, which was constructed in about 1900; and, second, that the judgment *non obstante veredicto* deprived plaintiff of having the jury pass upon the question of whether defendant was guilty of common-law negligence.

When originally enacted in 1917 the State housing law was divided into six articles, as follows:

Article    I—General Provisions, §§ 1–10;
Article    II—Dwellings Hereafter Erected, §§ 11–50a;
Article III—Alterations, §§ 51–64;
Article IV—Maintenance, §§ 65–88;
Article    V—Improvements, §§ 89–97;
Article VI—Requirements and Remedies, §§ 98–117.

Appellant calls attention to the fact that "originally, in 1917 the housing act was enacted with 40 subsections which had 40 statutes involved in it," and that the words "dwellings hereafter erected" were contained in each of the sections of article 2; that subsequently five sections, including section 42, which required handrails on both sides of any stairway in multiple dwellings, eliminated the words "in dwellings hereafter erected."

Appellant contends the appellate court's opinion "completely negates the whole concept of the legislature" by finding that:

"Appellant's argument that by the elimination of the words 'hereafter erected,' the legislature intended to make section 42 applicable to all multiple dwellings, regardless of when built, is untenable. In view of the title of the article in which these words appear, their removal merely eliminated a redundancy." *Welsh* v. *Ohanesian,* 1 Mich App 290, 293.

The importance of the title to the act in relation to all the sections under the title is commented upon in 1 Sutherland Statutory Construction (3d ed), § 1709, p 299, as follows:

"Under the constitutional provision, a title is an indispensable part of every statute, and the expression of the subject of the act must be found, if at all, in the words of the title."

The Michigan Constitution of 1908, art 5, § 21, required that an act shall have but "one object, which shall be expressed in its title," and this requirement of the Constitution was commented upon in *Vernor* v. *Secretary of State,* 179 Mich 157 (Ann Cas 1915D 128), where it was stated at page 160:

"What is the constitutional test? We think it is that a title must embrace the object of the act, and the body of the act must not be inconsistent with the title."

Likewise, in *State Mutual Rodded Fire Insurance Co.* v. *Foster,* 267 Mich 118, 121, it was said:

"The body of the act must not contain provisions contrary to or not germane to the object stated in the title, since the title gives notice that no matters except those which it indicates will be found in the body."

This finding that the body of the act must not be inconsistent with the title was also approved in

*Arnold* v. *Ogle Construction Company*, 333 Mich 652, 661:

"The fact that the title was not changed except to cover the new provisions added to the act clearly indicates that the legislature did not intend to otherwise change the law."

The section in question (CL 1948, § 125.442 [Stat Ann 1958 Rev § 5.2813]) is not confined to the provision in regard to handrails being provided on both sides of the stairs, as the first paragraph of this section deals with grades, treads, and risers of stairs and their height, measurements, and proportions; the second paragraph deals with vertical rise of stairways; the third paragraph with length and width of landings and distance between risers on landings; the fourth paragraph deals with measurement of winders and stairs and has but one sentence that is most pertinent to this appeal, namely: "Hand-rails shall be provided on both sides of all stairs."

We stated in *In re Davis' Estate*, 330 Mich 647, at page 651:

"It is a fundamental rule of law that the legislature must give a clear, direct and unequivocal expression of its intent to that effect if the statute is to have retroactive effect."

We quote with approval from the trial court's opinion granting motion for judgment *non obstante veredicto* and denying motion for new trial, as follows:

"Had the legislature wished to make effective immediately CL 1948, § 125.442 (Stat Ann 1958 Rev § 5.2813), they could have done so easily by the use of appropriate language, such as: This amendment shall be effective immediately and shall apply to existing structures.

"This they have not done. Or, if the legislature had wished to make the handrail requirement applicable to existing structures, the amendment could have been placed under article V, Improvements (see *In re Davis' Estate,* 330 Mich 647).

"Finally, we are persuaded to our conclusion, also, by studying sections appearing immediately after the subject sections, CL 1948, §§ 125.443–125.447, 125.450a (Stat Ann 1958 Rev §§ 5.2814–5.2818 and 5.2822), all of which, it is clear, apply only to buildings hereafter erected.

"It is therefore held that the amendment does not apply to structures existing at the time of passage, that is, 1923, and that plaintiff's motion for judgment *non obstante veredicto* must be granted, without costs."

The title to article 2 has remained "Dwellings Hereafter Erected" from its original enactment down to the present time.

The appellate court did not err in holding (p 293): "The trial court properly held section 42 did not apply to defendant's rooming house."

Appellant's contention that the judgment *non obstante veredicto* deprived him of having the jury pass upon all justiciable issues is also without merit.

The question is more accurately presented by appellee: "Where plaintiff-appellant agreed at the time of trial that the case should go to the jury solely on the basis of a lack of handrail on the stairs in question, and made no objection to the charge, can plaintiff-appellant claim error in the charge?"

Appellant, in his statement of facts, admits that: "Plaintiff agreed that the matter should go to the jury solely on the basis of the lack of a handrail on the stairs in question."

Whether other issues could have been presented to the jury cannot be argued on appeal since the jury charge was not objected to at the time of trial.

See GCR 1963, 516.2; *Salvatore* v. *City of Harper Woods,* 372 Mich 14, 19.

The decision of the court of appeals is affirmed. Costs to appellee.

Dethmers, Black, and O'Hara, JJ., concurred with Kelly, J.

Souris, J. I concur in affirmance. However, Mr. Justice Kelly's discussion of constitutional, case, and treatise law concerning the relation between the title of a statute and the contents thereof is irrelevant to this case of Welsh. Article 5, § 21 of the 1908 Constitution,[1] *Vernor* v. *Secretary of State* (1914), 179 Mich 157 (Ann Cas 1915D 128) and 1 Sutherland, Statutory Construction (3d ed 1943), p 299, all deal with the venerable rule that a legislative act shall have but one object, which shall be expressed in its title.

The title of the State housing law, PA 1917, No 167 (CL 1948, § 125.442 [Stat Ann 1958 Rev § 5.2813]) has remained unchanged since the day of its enactment, and reads as follows:

"An act to promote the health, safety and welfare of the people by regulating the light and ventilation, sanitation, fire protection, maintenance, alteration and improvement of dwellings; to define the classes of dwellings affected by the act, to establish administrative requirements and to establish remedies and fix penalties for the violation thereof."

That act was divided into articles, and article 2 was labeled by the legislature "Dwellings Hereafter Erected". This is not a catch line heading which follows a section number, in which case it would be of no interpretive value, CL 1948, § 8.4b (Stat Ann 1961 Rev § 2.215), but, rather, this label is a

---

[1] See, currently, Const of 1963, Art 4, § 24.

part of the act itself[2]—it appears in the enrolled act as signed by Governor Sleeper in 1917. Nor may it be argued that the heading "Dwellings Hereafter Erected" is superfluous. Article 2 encompassed sections 11 through 50a, and although sections 11 through 50 included in their text references to buildings "hereafter" built, section 50a did not:

"In every row of two or more frame dwellings, the dividing walls shall be made of incombustible material not less than eight inches in thickness for two stories on a twelve inch foundation and carried to the underside of the roof coverings if gable roof and eighteen inches through roof if flat roof: Provided, however, That the eight inch walls do not exceed thirty-five feet in length. If longer than thirty-five feet then the thickness must be increased to twelve inches."

Thus, even in 1917 the heading performed some function by limiting the applicability of section 50a.

Plaintiff argues that the elimination of "hereafter" from the revision of section 42, accomplished by PA 1919, No 326, evidenced a legislative intent to make the provisions of that section applicable to buildings erected before the effective date of PA 1917, No 167. If this be accepted, then the addition to section 42 by PA 1923, No 274 of a requirement of handrails on both sides of stairs would have bound defendant. PA 1919, No 326 revised seven sections of article 2, title 3 ("Fire Protection"), wherein appears section 42. In two sections (38, 43) the word "hereafter" was retained, while in five sections (39, 42, 45, 46, 49) it was deleted. Since the heading of article 2 remained "Dwellings Hereafter Erected", the deletion of "hereafter" from certain sections merely removed a redundancy which

2 See, e. g. *Michigan Telephone Co.* v. *City of Benton Harbor* (1899), 121 Mich 512, 517 (47 LRA 104), where the Court views a chapter heading as part of a statute.

existed as to those sections. The fact that some of the sections retained the word does not indicate that the legislature intended that those sections from which it was deleted were to apply to buildings erected before 1917, inasmuch as from the time of its enactment at least one section of article 2 (section 50a) had lacked that word, and yet it is obvious from the arrangement of the statute, the articles' headings, and the content of section 50a that it was to apply only to buildings "hereafter" erected.

Nor is it tenable to maintain that PA 1919, No 326 deleted from article 2 the heading "Dwellings Hereafter Erected". The title of that amendatory act, as did the enacting section, specifically stated that it was designed to amend enumerated *sections* of PA 1917, No 167. Thus, there is no significance in the fact that PA 1919, No 326 was written in this fashion:

"*The People of the State of Michigan enact:*
\* \* \*

"ARTICLE I.

"Sec. 1.      \*      \*      \*

"ARTICLE II.

"Title I

"Sec. 11.      \*      \*      \*      "

The 1919 amendatory act did not purport to amend the article headings, and the fact that those headings are not set forth in the amendatory act no more means they were deleted by the act than does the fact that the omission from the amendatory act of many sections of PA 1917, No 167 means that those sections were repealed. See *Sambor* v. *Home Owners' Loan Corp.* (1938), 283 Mich 529.

Furthermore, inasmuch as PA 1919, No 326 purported to amend only sections appearing in articles 1 and 2, and only those articles were mentioned

therein, to accept plaintiff's thesis, that the appearance of those articles without their headings meant that the headings were deleted by Act 326, would leave us with the incongruous picture of an act with five numbered articles, the first two of which are without headings, but the last three of which possess headings. ,

The only basis for accepting plaintiff's thesis that "Dwellings Hereafter Erected" was deleted from PA 1917, No 167 by PA 1919, No 326, would be a finding that that amendatory act repealed by implication the quoted phrase. However,

"The theory of the principle of repeals by implication is that the latest expression of the legislative will should control. The question therefore is one of legislative intention. When the intention of the legislature can be ascertained, it is the duty of the courts to give it force and effect.

"But,

"'The presumption is always against the intention to repeal where express terms are not used, and the implication, in order to be operative, must be necessary.' 25 RCL pp 918, 919.

"'Repeals by implication are not favored and will not be indulged in if there is any other reasonable construction.' 25 RCL p 918.

"'The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold the contrary.' *Michigan Telephone Co.* v. *City of Benton Harbor,* 121 Mich 512." *Attorney General, ex rel. Owen,* v. *Joyce* (1926), 233 Mich 619, 621.

As has been seen *supra,* and will be seen *infra,* there are in the instant case reasonable grounds to hold to the contrary of plaintiff's thesis.

Yet another reason exists for doubting, in these circumstances, that the legislature intended by deletion of "hereafter" in certain sections of article

2 to require structural changes in buildings erected before 1917. Article 5 of Act No 167, headed "Improvements" specified changes which were required to be made in dwellings erected even before passage of the act. Had the legislature intended in 1919 to require changes in dwellings erected before 1917, it is reasonable to assume it would have done so by amendments to article 5, as it did in PA 1939, No 303. This, however, it did not do in 1919 or in 1923 when the handrail requirement was added to article 2, § 42.

I agree with Justice KELLY that plaintiff's failure to object to the jury charge as given precludes his urging it as error on this appeal.

T. M. KAVANAGH, C. J., and SMITH and ADAMS, JJ., concurred with SOURIS, J.