PATRICK FINN v. ISAAC HAYNES AND FREELING W. PECK.

*Liquor Tax Law—Act 228 of 1875.*

Act 228 of 1875 postponing all liens, mortgages, conveyances and incumbrances to the lien of the liquor tax, does not apply to liens, etc., created before the act was passed.

Case made from Superior Court of Grand Rapids. Submitted June 8. Decided June 12.

TROVER for conversion. The facts are stated in the opinion.

*J. A. Fairfield* (on brief) for plaintiff.

*D. E. Corbitt* (on brief) for defendants.

GRAVES, J. This is a case made after judgment in the Superior Court of Grand Rapids.

The plaintiff was the owner of a tavern and leased it in 1874 to one Levi Husbands who executed a chattel mortgage dated in February, 1874, to secure to the plaintiff the sum of $800. The articles mortgaged consisted of bedding, bedsteads, dishes and the like in the tavern.

Husbands kept a bar for the sale of spirituous and in-

toxicating liquors, but neglected to pay the required tax under the act of 1875 (Pub. L., 1875, p. 274).

The county treasurer then issued his warrant under section eight and delivered it to defendant Haynes, who was sheriff, and he passed it to Peck, one of his deputies, with instructions to seize the goods covered by the chattel mortgage.

Prior to this, the mortgage having fallen due, the plaintiff took possession of the property on the mortgage and commenced foreclosure. This was on the 3d of December, 1875.

After having seized the property, the plaintiff, by the assent of Husbands and his wife, stored it in several of the rooms in the tavern and fastened the doors and windows.

On the 5th of December the defendants levied the warrant on these goods and took them and carried them away. They knew of the mortgage and were aware that the plaintiff had taken possession and commenced foreclosure. They also knew that there was then due to the plaintiff on the mortgage the sum of $800. The goods claimed in the declaration were worth $161.50.

The court instructed the jury that if they found the goods were not in the bar room, or any part of the bar fixtures, nor used in connection therewith, then the defendants were not justified in taking them from the possession of the plaintiff and they should find for the plaintiff. The jury returned a verdict in the plaintiff's favor for $161.11.

The defendants excepted to this charge, and this presents the only question made. It is maintained by the defense that under section nine of the act the tax was by law leviable on the property which was seized, notwithstanding the chattel mortgage; whilst the plaintiff claims that the superiority of the tax over all "levies, mortgages, conveyances or incumbrances" is confined to "bar fixtures or furniture, liquors, beverages and other goods and chattels used in carrying on such business," and that the tax is not allowed to override lawful securities on other leviable property of the defaulting tax payer. The wording of the section and the spirit of the legislation afford grounds of argument in favor

of the second view, but as in my judgment the point does not arise in this case I shall not discuss it. The case shows conclusively that the plaintiff's mortgage was made some time before the statute in question was enacted, and if the legislature had made the act expressly applicable as against antecedent contracts, it would have been necessary to consider its constitutional validity. But such is not the case.

It is true the language is general, but it is still subject to the rule of interpretation which imputes an intention *against* retrospective action unless the terms clearly indicate an intention *in favor* of it. Cooley on Const. Lim., 370, and cases; *Harrison v. Metz,* 17 Mich., 377; *Clark v. Hall,* 19 Id., 356; *Smith v. Auditor General,* 20 Id., 398. And surely, before venturing to assume the existence of any such purpose, it would be necessary to find the will of the legislature very distinctly expressed in favor of making new tax levies have preference over lawful securities given before the statute. The provision, then, giving superiority to the tax process over "liens, mortgages, conveyances and incumbrances" cannot be held to apply to "liens, mortgages, conveyances or incumbrances" created before the act of 1875 was passed.

The plaintiff's mortgage was not therefore subject to be overridden by the tax process which the defendants executed, and the ruling of the court was not injurious to them.

The judgment should be affirmed, with costs.

The other Justices concurred.