BRIGGS v. CAMPBELL, WYANT &
CANNON FOUNDRY COMPANY.

HABETLER v. SAME.

HARRIS v. SAME.

WRIGHT v. SAME.

HARRINGTON v. GALE MANUFACTURING COMPANY.

1. STATUTES—PROSPECTIVE OPERATION—EXCEPTIONS.
    Statutes are prospective in ther operation excepting in such cases
       as the contrary is expressed by clear and positive command, or
       is to be inferred by necessary, unequivocal, and unavoidable
       implication from the words of the statute taken by themselves
       and in connection with the subject matter, and the occasion
       of the enactment admits of no reasonable doubt, but precludes
       all question of such intention.

2. SAME—VESTED RIGHTS.
    Vested rights may not be impaired by legislative action.

3. SAME—INTENT—RETROSPECTIVE ACTION.
    Interpretation of a statute imputes an intention against retro-
       spective action unless the terms clearly indicate an intention
       in favor of it.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 8] 50 Am Jur, Statutes § 475.
[2, 5] 16 Am Jur 2d, Constitutional Law § 444.
[4, 9, 10, 12, 13] 58 Am Jur, Workmen's Compensation § 342.
[6] 16 Am Jur 2d, Constitutional Law § 177.
    Workmen's compensation: termination of employment before oc-
       currence of disability or disease attributable to employment as
       affecting right to compensation. 104 ALR 1210.
[7] 16 Am Jur 2d, Constitutional Law § 179.
[11] 50 Am Jur, Statutes § 35; 19 Am Jur 2d, Estoppel and Waiver
       §§ 59, 60.

4. WORKMEN'S COMPENSATION — SILICOSIS — APPORTIONMENT OF AWARD.

Amendatory statute which supplied the necessary ingredients to satisfy constitutional requirements of notice and right of a former employer to contest a claim by an employee for an award of workmen's compensation for silicosis or other dust disease in the first instance *held*, inapplicable so as to permit apportionment of award in proceedings which related to disability or injury which took place prior to the effective date of the amendatory act (CL 1948, § 417.3, as amended by PA 1962, No 189).

5. STATUTES—CONTRIBUTION—VESTED RIGHTS.

The right to hold a party liable for the payment of contribution toward the retirement of a statutory obligation, and the right to defend against any such liability where the liability to contribute did not exist when the party seeking contribution was compelled to pay, alike are vested and substantive rights.

6. SAME—UNCONSTITUTIONALITY.

Generally, an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void and ineffective for any purpose where it denies due process, since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it; an unconstitutional law, in legal contemplation, being as inoperative as if it had never been passed.

7. SAME—AMENDMENT—UNCONSTITUTIONAL LAW—PROSPECTIVE OPERATION OF VALIDITY.

An unconstitutional statute may be rendered valid by removing the objectionable features or by supplying essential features by amendment, but validity would be prospective only.

8. SAME—PRESUMPTIONS—INTENT—PROSPECTIVE EFFECT.

The presumption that the legislature intended that a statute should have prospective effect only is especially true when giving it retroactive operation will create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed.

9. WORKMEN'S COMPENSATION—SILICOSIS—APPORTIONMENT—AMENDMENT.

Recovery of workmen's compensation may be had from only the last of successive employers by claimant for total disability due to silicosis or other dust disease, and, prior to 1962 amendment no right of apportionment having existed, no apportion-

ment may be recovered by the last employer on award for plaintiffs who became disabled and entitled to compensation prior to such amendment (CL 1948, § 417.9, as amended by PA 1962, No 189).

10. Same—Silicosis—Apportionment of Award—Construction of Statutes—Prospective Operation.

Neither the general public nor any employee in particular will be in any way adversely affected by holding that amendment of the workmen's compensation act providing a valid apportionment of an award to an employee for silicosis or other dust disease operated prospectively only (CL 1948, § 417.9, as amended by PA 1962, No 189).

11. Statutes—Estoppel—Constitutional Law—Mandatory Duty.

The general rule that one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens does not apply where the statute requires a duty which is mandatory in form, accompanied by penalties for failure to obey its provisions, or is otherwise coercive, since the element of voluntary action essential to waiver or estoppel is absent.

12. Workmen's     Compensation—Silicosis—Apportionment     of Award—Constitutional Law—Estoppel.

Employers of plaintiffs were not estopped from raising question as to constitutionality of provision of workmen's compensation act apportioning awards for silicosis, where the act had been made compulsory as to them by the same statute as gave the employees compensation for silicosis acquired in a foundry (CL 1948, §§ 417.1, 417.4, 417.9).

13. Same—Silicosis—Apportionment of Award—Constitutional Law—Notice.

Statute apportioning liability for award for silicosis among all employers in whose employ claimant against last employer had served was unconstitutional so far as former employers were concerned, where it did not provide for notice to them nor afford them opportunity to defend in the first instance against the asserted liability (CL 1948, §§ 417.1, 417.4, 417.9).

Appeals from Workmen's Compensation Appeal Board.  Submitted Division 3 October 7, 1965, at Grand Rapids.  (Docket Nos. 90–93, 563.)  Decided January 25, 1966.  Leave to appeal granted by Supreme Court in all 5 cases April 7, 1966.  See 377 Mich 706, 707; 379 Mich 160.

### Case No. 90.

Buffen Briggs presented a claim against Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company, its insurer, for injuries for silicosis and other dust diseases. Award to plaintiff. On appeal to Workmen's Compensation Appeal Board, defendants moved to add Campbell, Wyant & Cannon Foundry Company, Inc., and Michigan Mutual Liability Insurance Company, a prior employer and its insurer, as defendants and to apportion award as to all defendants. Motion as to apportionment denied and case dismissed as to added defendants. Original defendants appeal. Affirmed.

### Case No. 91.

Charles Habetler presented a claim against Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company, its insurer, for injuries from silicosis and other dust diseases. Defendants' motion to add Campbell, Wyant & Cannon Foundry Company and Michigan Mutual Liability Insurance Company, a prior employer and its insurer, granted. Award to plaintiff apportioned as to all defendants. On appeal to Workmen's Compensation Appeal Board, award amended to dismiss added defendants. Original defendants appeal. Affirmed.

### Case No. 92.

Albert Harris presented a claim against Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company, its insurer, for injuries from silicosis and other dust diseases. Defendants' motion to add Campbell, Wyant & Cannon Foundry Company, Inc., and Michigan Mutual Insurance Company, a prior

employer and its insurer, as defendants granted. Award to plaintiff apportioned among the several defendants. Added defendants appealed to Workmen's Compensation Appeal Board. Award amended to dismiss added defendants. Original defendants appeal. Affirmed.

*Case No. 93.*

Melvin Wright presented a claim against Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company, its insurer, for injuries from silicosis and other dust diseases. Campbell, Wyant & Cannon Foundry Company, Inc., and Michigan Mutual Insurance Company, a prior employer and its insurer, entered an appearance. Award to plaintiff, not apportioned as to prior employer and its insurer. On appeal to Workmen's Compensation Appeal Board, Campbell, Wyant & Cannon Foundry Company, Inc., and Michigan Mutual Insurance Company added as defendants. Award affirmed and cause dismissed as to added defendants. Original defendants appeal. Affirmed.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company.

*Charles H. King,* for added defendants Campbell, Wyant & Cannon Foundry Company, Inc., and Michigan Mutual Liability Insurance Company.

*Case No. 563.*

Robert W. Harrington presented a claim against Gale Manufacturing Company, Corporate Service, Inc., Albion Malleable Iron Company, and Brooks

Foundry Company, and Michigan State Accident Fund, its insurer, for injuries arising from pneumoconiosis. Award to plaintiff as to all defendants except Albion Malleable Iron Company. On appeal to Workmen's Compensation Appeal Board, award amended to dismiss as to Brooks Foundry Company and Michigan State Accident Fund. Defendant Gale Manufacturing Company appeals. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Lacey & Jones (F. L. Sylvester,* of counsel), for defendant Gale Manufacturing Company.

*Herbert H. Sulzbach,* for defendant Albion Malleable Iron Company.

*Stanley F. Dodge* and *Peter B. Munroe,* for defendant Michigan State Accident Fund.

---

Cases consolidated for appeal and one opinion entered in all five cases. All cases affirmed.

Holbrook, J. These cases are appeals from the workmen's compensation appeal board and involve the construction of CL 1948, § 417.9, as amended by PA 1962, No 189 (Stat Ann 1963 Cum Supp § 17.228) providing in part for apportionment of liability between employers in occupational disease disability awards. The first 4 cases were consolidated by order of the Supreme Court in granting leave to appeal, and subsequently, on October 14, 1964, assigned to this Court; the fifth case, leave to appeal was granted in an order of February 17, 1965, solely on the right, if any, of appellant, Gale Manufacturing Company, to apportion its liability, and to be presented to the Court of Appeals for consideration

with Wright v. Campbell, Wyant & Cannon Foundry Company.

These appeals all come from the workmen's compensation appeal board's rulings dated April 23, 1964, as to the first four cases, and May 22, 1964, as to the last case.

All five plaintiffs in these cases were found by the hearing referee to have suffered an occupational injury, that of silicosis or related diseases on different dates: Robert W. Harrington, March 2, 1960; Melvin Wright, February 17, 1961; Buffen Briggs, April 5, 1961; Albert Harris, December 19, 1961; and, Charles Habetler, February 28, 1962. All of the hearings were held before the hearing referee on or before February 19, 1963, and awards granted by the hearing referee were all completed before March 28, 1963, excepting as to Albert Harris, which was made April 24, 1963. In the cases of Buffen Briggs and Melvin Wright, petitions to add prior employers were made before the workmen's compensation appeal board: Buffen Briggs, February 8, 1963; and, Melvin Wright, February 18, 1963. In both cases, the workmen's compensation appeal board granted the motions. In the case of Robert W. Harrington, the prior employer Brooks Foundry Company was made a party-defendant in an amended application for hearing of claim filed June 7, 1961. The hearing referees in the Habetler, Harris, and Harrington cases made orders for proportionate payment by prior employers.

As to the first 4 cases, the facts are that plaintiffs were employees of Campbell, Wyant & Cannon Foundry Company, hereinafter referred to as CWC, for a number of years prior to April 20, 1956, and worked in conditions conducive to silicosis. CWC's insurer, under the workmen's compensation act, was the Michigan Mutual Liability Company, hereinafter

referred to as Michigan Mutual. In April, 1956, Textron, Inc., a Rhode Island corporation, purchased CWC from its owners and continued the business under the name of CWC, Division of Textron American. Michigan Mutual continued to insure the liability of Textron American until January 1, 1961, at which time Liberty Mutual Insurance Company became the insurer for Textron. The four plaintiffs were found to be eligible for workmen's compensation under the occupational disease section, subsequent to January 1, 1961, thereby making Liberty Mutual Insurance Company liable as insurer of Textron, "the employer who last employed the employee in the employment, to the nature of which the disease was due and in which it was contracted."

In the Harrington Case, Gale Manufacturing Company, Corporate Service, was found to be the last employer March 2, 1960, and therefore, liable for the compensation by reason of its being self-insured. The hearing referee found Brooks Foundry Company employed the plaintiff for 24 out of the 170 months of exposure, and apportioned 14% of the payments to be recovered by Gale Manufacturing Company from Brooks Foundry Company, and State Accident Fund, its insurer.

The workmen's compensation act was amended by PA 1937, No 61, effective October 29th, and amended by PA 1937, No 3 (Ex Sess) effective November 10, 1937, providing for apportionment of compensation liability, which was applied in the cases before the workmen's compensation department until December of 1961, when the Supreme Court in *Trellsite Foundry & Stamping Company* v. *Enterprise Foundry,* 365 Mich 209, declared the apportionment provision of the occupational disease statute (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228]), unconstitutional. The provision had allowed the last employer who

was liable for the entire compensation to the employee to seek apportionment or contributions from prior employers who had contributed to the development of the disease. This provision did not require notice to the prior employers of the original hearing on liability nor the right to contest the original award in favor of the employee and against the last employer, and for that reason was declared unconstitutional.

The legislature in 1962 amended CL 1948, § 417.9, by PA 1962, No 189, effective March 28, 1963, to read as follows:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If any dispute or controversy arises as to the payment of compensation or as to liability therefor, the employee shall give notice to and make claim upon the last employer only and apply for a hearing against the last employer only. If the employee was employed by prior employers in an employment to the nature of which the disease was due and in which it was contracted, then the workmen's compensation department on motion made in writing by the last employer shall join any or all prior employers, mentioned in said motion, as parties-defendant. Any prior employer so joined as a party-defendant may move, in writing, to join other employers as parties-defendant, and the department shall join said employers as parties-defendant. The workmen's compensation department, within 5 days of the entry of its order joining any prior employer as a party-defendant, shall give such party written notice thereof by first-class mail, which notice shall in no case be mailed less than 30 days before the date of hearing, and shall include the name of the employee, the name of the last employer, the name of the moving party, and the names of all other em-

ployers joined as parties-defendant. *The workmen's compensation department shall give not less than 30 days' notice in writing by first class mail to all parties of the time and place of the hearing between the employee and the last employer at which liability shall be determined.* Any prior employer named as a defendant by the department pursuant to motion shall have 10 days from the date of the mailing of notice of joinder to file objections to his being named as a party-defendant. On the day of the hearing at which the liability of the parties shall be determined, the hearing referee shall first hear arguments and take evidence concerning the joinder, as parties-defendant, of employers who have filed timely objections, and if the arguments and evidence warrant, the hearing referee shall grant a motion to dismiss any prior employer as a party-defendant. At the said hearing all employers named as defendants may appear, *cross-examine witnesses, give evidence and defend both on the issue of the liability of the last employer to the employee and on the issue of their liability to the last employer.* The workmen's compensation department shall enter an order determining liability for compensation as between the employee and the last employer. The department shall apportion liability for compensation among the several employers in proportion to the time that the employee was employed in the service of each employer in the employment to the nature of which the disease was due and in which it was contracted and shall enter a separate order in favor of the last employer and against prior employers for their proportionate share of liability, which order may be enforced in the same manner as an award for compensation. Any order so entered may be appealed by any party to the proceeding before the department and shall be reviewed in accordance with the procedure provided in part 3 of this act." (Emphasis supplied.)

Under this amended act, prior employers of an employee sought to be charged with a portion of the compensation award made under the occupational disease section,[1] were granted the procedural right to have notice of the original proceedings before the workmen's compensation department, and the substantive right to defend against the claim of the plaintiff in the first instance as well as to be heard on the apportionment issue.

This amended act was not given immediate effect, and therefore, became effective March 28, 1963, upon expiration of 90 days after adjournment of the legislature. Const 1908, art 5, § 21.

The workmen's compensation appeal board in each case determined that the amended act was prospective and not retroactive in effect, and illustrative of the holding for all cases, stated in the Wright Case: "On February 17, 1961, there were no provisions in the compensation act for apportioning liability. We hold that the provisions of PA 1962, No 189, are not applicable." From these rulings, defendants and appellants appeal.

The essential question to be answered in all of these cases appears to be: "Is the amendment to the workmen's compensation act, PA 1962, No 189, which provides for apportionment of compensation benefits, paid to an employee because of disability due to industrial disease, among employers who employed the employee in employments, which by their nature were a cause of the disease, retroactive in effect?" Defendants-appellants contend the answer should be "yes," whereas, defendants-appellees maintain that the amendment above quoted was prospective in nature in accord with the decision of the workmen's compensation appeal board.

---

[1] CLS 1961, § 417.4 (Stat Ann 1960 Rev § 17.223).

In *Trellsite Foundry & Stamping Co.* v. *Enterprise Foundry, supra,* Mr. Chief Justice Dethmers, on p 217, stated as follows:

"We think these quotations properly state the law. Either the apportionment provision of the statute is or is not constitutional. We hold that it is not because it provides for imposition of liability on prior employers without notice or *opportunity for them to resist the claim at the original hearing where, subject to rights of appeal, validity of the claim is conclusively determined.* The right, if it exists under the statute, of prior employers to quibble with the last employer at the hearing on apportionment as to their relative shares of the liability, if any, is not a complete or satisfactory substitute *for the right to contest claimant's claim in the first instance.*" (Emphasis supplied.)

The general law as to statutes being prospective or retrospective in nature is found in the case of *In re Davis' Estate* (1951), 330 Mich 647, wherein Mr. Justice Boyles states on pp 651–653, in part as follows:

" 'We think it is settled as a general rule in this State, as well as in other jurisdictions, *that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.*

" ' "Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force *is expressed by clear and positive command, or to be inferred by necessary, unequivocal .and .unavoidable .implication .from .the words of the statute taken by themselves and in connection with the subject matter, and the occasion of*

*the enactment, admitting of no reasonable doubt, but precluding all question as to such intention."* End-lich, Interpretation of Statutes, § 271.' *Detroit Trust Co.* v. *City of Detroit,* 269 Mich 81.

"To the same effect, see *Ramey* v. *Michigan Public Service Commission,* 296 Mich 449; *In re Dissolution of Ever Krisp Food Products Co.,* 307 Mich 182, 213; *Michigan Bell Telephone Co.* v. *Michigan Public Service Commission,* 315 Mich 533, 547 (66 PUR NS 287). * * *

" '*It is conceded that vested rights may not be impaired by legislative action.'* *Ramey* v. *Michigan Public Service Commission, supra.*

"Appellee indicates reliance on the reference in section 34a[2] to grants 'paid during the lifetime of the deceased.' Naturally, a claim for reimbursement from an estate would be for grants paid to the beneficiary during her lifetime. But that language does not show clearly a legislative intent that section 34a should be given retroactive effect, or that vested rights should be disturbed. Such a legislative intent must clearly appear from the context of the statute itself. *Detroit Trust Co.* v. *City of Detroit, supra.*

" 'It is true the language is general, but it is still subject to the rule of interpretation which imputes an intention *against* retrospective action unless the terms clearly indicate an intention *in favor* of it.' *Finn* v. *Haynes,* 37 Mich 63." (Emphasis and footnote supplied.)

Also, see *Melcher* v. *Employment Security Commission* (1952), 335 Mich 122; and, *Bullinger* v. *Gremore* (1955), 343 Mich 516.

In applying this general principle to these cases, we go to the context of the 1962 apportionment statute in search of an indication, of an intention on the part of the legisature that the statute should have retroactive effect, and find nothing as a result of our search.

---

2 The Court was interpreting CL 1948, § 400.34a (Stat Ann 1960 Rev § 16.434[1]).

PA 1962, No 189, supplied the necessary ingredients to satisfy the constitutional requirements, *i.e.,* provision for notice and the right to contest the claimant's case in the first instance. Appellants would have us now apply these requirements retroactively to all cases wherein the disability or injury took place at a time prior to the effective date of said statute. *Smith* v. *Lawrence Baking Co.,* (May of 1963, subsequent to effective date of the amended statute), 370 Mich 169, was a decision which awarded compensation against the last employer and excluded the prior employer who was also a party-defendant, even though the prior employer had employed the plaintiff for a much longer time in the occupation which caused his "injury." Mr. Justice T. M. KAVANAGH stated on p 175 as follows:

"The act specifically defines a much different basis for the determination of employer liability.

"The first sentence of part 7, § 9, of the workmen's compensation act provides:

" 'The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.' (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228].)*

"In construing this portion of part 7, § 9, consideration must be given to other pertinent provisions of the statute.

"Part 2, § 1, of the act establishes the time and date of injury as follows:

" 'The term "time of injury" or "date of injury" as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event to the last day of work in the employment in which the employee was last subjected to the condi-

---

* "The apportionment provisions of this section were held unconstitutional in *Trellsite Foundry* v. *Enterprise Foundry,* 365 Mich 209. The subsequent amendment to part 7, § 9, namely PA 1962, No 189, did not change the language of the quoted sentence."

tions resulting in disability or death.' (CLS 1956, § 412.1 [Stat Ann 1960 Rev § 17.151].)" (Footnote in quoted opinion.)

We find other obstacles to declaring the amended act as being retroactive, for to hold that a statute is retrospectively operative by the device of calling it procedural rather than substantive, when it of necessity is a combination of both, is risky business. Such holding would automatically bring a constitutional question to the foreground.

The right to hold a party *liable* for the payment of money, here for contribution toward retirement of a statutory obligation, and the right to defend against any such *liability* where the *liability* to contribute did not exist when the plaintiff (last employer) was compelled to pay, alike are *vested* and *substantive* rights.

In 16 Am Jur 2d, Constitutional Law, § 177, pp 402, 403, it is stated as follows:

"The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed."

And in section 179, on pp 406, 407, it is stated:

"While it has been broadly stated that an unconstitutional act cannot be validated by the legislature, it seems that it may be amended into a constitutional one so far as its future operation is concerned by removing its objectionable provisions, or supplying others, to conform it to the requirements of the constitution. The true rule seems to be that where a statute is invalid by reason of an absence of power in the legislature in the first instance under the constitution to enact the law, it is not possible for

that body to confirm or render the same valid by amendment; but where the obnoxious features of the statute may be removed or essential ones supplied by a proper amendment, so that had the law been primarily thus framed it would have been free from the objections existing against it, *then the statute may be rendered valid by amendment, so far as its future operation may extend*."[3]    (Emphasis supplied.)

We conclude that *Trellsite, supra*, destroyed CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.228), *ab initio* and that no right of contribution (apportionment under the 1962 act) accrued in favor of Textron and Liberty Mutual nor Gale Manufacturing Company, Corporate Service.

Appellants in substantiation of their position that the amended act of 1962 should be construed as retroactive, cite two cases: *Rookledge* v. *Garwood* (1954), 340 Mich 444, and *Lahti* v. *Fosterling* (1959), 357 Mich 578, wherein two amendments to the compensation act were held to be remedial only, and hence, not subject to the general rule that statutes should be given prospective interpretation.

The nature and rule concerning "remedial" statutes was described by the Supreme Court in *Hansen-Snyder Company* v. *General Motors Corporation* (1963), 371 Mich 480, wherein Mr. Justice Dethmers stated on pp 484, 485 as follows:

"Absent a clearly expressed legislative intent to the contrary it is to be presumed that the legislature intended an enactment to have prospective effect only * * * this is * * * especially true when giving a statute retroactive operation will * * * create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed. * * * 'Remedial statutes, or statutes related to remedies or modes of procedure,

---

[3] *People* v. *DeBlaay*, 137 Mich 402; *Seneca Mining Company* v. *Secretary of State*, 82 Mich 573.

*which do not create new or take away vested rights,
but only operate in furtherance of a remedy or con-
firmation of rights already existing,* do not come
within the legal conception of retrospective law, or
the general rule against retrospective operation of
statutes.'"    (Emphasis supplied.)

Prior to March 28, 1963, when the new apportion-
ment statute became effective, there was no right of
apportionment in occupational disease cases. Dur-
ing that earlier period the only valid law respect-
ing the liability of successive employers was that:
"The total compensation due shall be recoverable
from the employer who last employed the employee."
(CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228]),
and it was during this period of time that the plain-
tiffs became disabled and entitled to compensation.

In both the *Rookledge Case* and the *Lahti Case,*
the Court emphasized the public aspect of holding
the amendments involved to be retroactive. In *Rook-
ledge,* the Court recognized (p 454) "remedying a
situation which had become detrimental to the pub-
lic interest," and in *Lahti,* the Court said that the
amendment was (p 587) "intended to remedy an ex-
isting injustice."

In the matters at hand, neither the general public
nor any employee in particular will be in any way
adversely affected by holding the new apportionment
statute prospective.

Appellants also claim that the appellees are es-
topped to assert unconstitutionality of the appor-
tionment statute and rely upon the rule stated in 11
Am Jur, Constitutional Law, § 123, pp 767, 768:

"The rule is well settled that one who voluntarily
proceeds under a statute and claims benefits thereby
conferred will not be heard to question its constitu-
tionality in order to avoid its burdens. * * * For
instance, an employer who *elects* to accept the ben-

efits of a workmen's compensation act is estopped to attempt to escape its burdens by asserting that it is unconstitutional." (Emphasis supplied.)

The exceptions to the general rule appear in the same authority, 11 Am Jur, Constitutional Law, § 124, p 771:

"The most important and frequent class of exceptions to the general doctrine of waiver or estoppel to assert the validity of a law is that where a statute requires a duty which is mandatory in form, accompanied by penalties for failure to obey its provisions, or is otherwise coercive. In such cases *the element of voluntary action essential to waiver or estoppel is absent.* For example, where the provisions of a statute are incorporated in a contract between a contractor and a municipal corporation in accordance with its mandates, the parties are not estopped or bound by such provisions in the event that the statute itself is unconstitutional." (Emphasis supplied.)

Silicosis acquired in a foundry first became compensable in 1943, PA 1943, No 245 (CL 1948, § 417.1 [Stat Ann 1960 Rev § 17.220]). By the very same statute, the workmen's compensation act was made compulsory as to employers having eight or more employees. Both prior employers in our cases became subject to the workmen's compensation act by statutory mandate.

*Arguendo,* it would also appear evident that appellees, no doubt, have suffered equally as much as they have benefitted from the operation of the former unconstitutional apportionment statute.

These matters have received the careful review that the question presented requires, and it is the opinion of this Court that the appellees are not estopped from asserting the unconstitutionality of the former apportionment statute and it is definite that at the time of the hearing to determine liability, the

statute did not contain essential provisions for notice to prior employers and for granting former employers the opportunity to defend against the asserted liability. Thus the controlling statute was defective and constituted a denial of the constitutional guarantee of due process to such prior employers. These cases are thus governed directly by *Trellsite, supra,* which denied the imposition of an apportioned liability since the person sought to be charged therewith was denied the opportunity to defend against it.

Judgments affirmed, costs to appellees.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.