BRIGGS *v.* CAMPBELL, WYANT & CANNON
FOUNDRY COMPANY.

HABETLER *v.* SAME.

HARRIS *v.* SAME.

WRIGHT *v.* SAME.

HARRINGTON *v.* GALE MANUFACTURING COMPANY.

OPINION OF THE COURT.

1. CONSTITUTIONAL LAW—DUE PROCESS—REASONABLENESS.
    The test of reasonableness has not been applied to statutes affecting the right of procedural due process, that right being absolute.

2. STATUTES—PROSPECTIVE OPERATION.
    All statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

3. SAME—PROSPECTIVE OPERATION—INTENT.
    All statutes are prospective in operation except as the contrary clearly appears from the context of the statute itself, precluding all question as to intention to operate retroactively.

4. SAME—UNCONSTITUTIONAL STATUTE—EFFECT.
    An unconstitutional statutory provision is no law at all from the beginning, its invalidity dates from the time of enactment rather than the time of decision determining it to be unconstitutional, and it has no effect for any purpose.

REFERENCES FOR POINTS IN HEADNOTES
[1]  16 Am Jur 2d, Constitutional Law §§ 550, 572, 575.
[2, 3, 6, 7, 8]  50 Am Jur, Statutes § 475 *et seq.*
[4, 5]  16 Am Jur 2d, Constitutional Law §§ 177–180.
[9]  58 Am Jur, Workmen's Compensation §§ 341, 342.

5. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—APPORTION-
MENT—PROCEDURE—LIABILITY.

Constitutional invalidity of procedure formerly provided for
apportionment of compensation award between last employer
and prior employers in cases of occupational disease vitiated
not only the procedure followed, but the liability of prior
employers provided by that act (CL 1948, § 417.9).

6. SAME—APPORTIONMENT—AMENDATORY STATUTE—PROSPECTIVE OP-
ERATION.

Amendatory statute providing constitutionally valid procedure for
apportioning compensation award between last employer and
prior employers in cases of occupational disease contains
nothing to suggest an intention by the legislature to render
it retroactive, nor does its wording manifest or imply unavoid-
ably a purpose other than the presumptive purpose of prospec-
tive operation (PA 1962, No 189, amending CL 1948, § 417.9).

SEPARATE OPINION.

DETHMERS, C. J., and SOURIS and O'HARA, JJ.

7. WORKMEN'S COMPENSATION—ADMINISTRATIVE AGENCY—AUTHOR-
ITY.

*Apportionment proceedings concluded by the workmen's compen-
sation department before the effective date of amendatory act
providing a constitutionally valid procedure for apportionment
of compensation award in occupational disease cases were with-
out statutory authority, hence beyond the powers of the work-
men's compensation department and its appeal board (PA 1962,
No 189, amending CL 1948, § 417.9).*

8. SAME—APPORTIONMENT—VALIDITY.

*No valid apportionment orders could have been entered in cases
concluded by workmen's compensation department and its
appeal board before effective date of amendatory act providing
constitutionally valid procedure for apportionment of compen-
sation award in cases of occupational disease (PA 1962, No
189, amending CL 1948, § 417.9).*

9. SAME—APPORTIONMENT—PROCEDURE.

*Order adding prior employer as defendant in workmen's com-
pensation proceeding, with purpose of ordering apportionment
of compensation award between prior employer and last em-
ployer in case of occupational disease, made after the hearing
before the referee had already been concluded, held, ineffective
for failure to follow the statutory procedure, because the com-*

*pensation hearing before the referee already had been concluded when amendatory act providing constitutionally valid procedure for apportionment became effective (PA 1962, No 189, amending CL 1948, § 417.9).*

Appeal from Court of Appeals, Division 3, Burns, P.J., and Holbrook and T. G. Kavanagh, JJ., affirming Workmen's Compensation Appeal Board. Submitted December 8, 1966. (Calendar No. 23, Docket Nos. 51,412–51,416.) Decided June 6, 1967. Rehearing denied October 2, 1967.

2 Mich App 204, affirmed.

*Docket Nos. 51,412–51,415.*

Buffen Briggs, Charles Habetler, Albert Harris, and Melvin Wright presented their claims against Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company, its insurer, for injuries from silicosis and other dust diseases. Campbell, Wyant & Cannon Foundry Co., Inc., and Michigan Mutual Liability Company, its insurer, added as parties defendant for purposes of apportionment of award in each case. Award to plaintiff in each case, not apportioned against Campbell, Wyant & Cannon Foundry Co., Inc., as prior employer, and its insurer. Campbell, Wyant & Cannon Foundry Company Division of Textron American, Inc. and its insurer appealed to the Workmen's Compensation Appeal Board in each case. Awards affirmed and apportionment denied in each case. Original defendants appealed to Court of Appeals. Affirmed. Original defendants appeal. Affirmed.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant Campbell, Wyant & Can-

non Foundry Company, Division of Textron American, Inc., and Liberty Mutual Insurance Company.

*Charles H. King,* for added defendants Campbell, Wyant & Cannon Foundry Co., Inc., and Michigan Mutual Liability Company.

*Docket No. 51,416.*

Robert W. Harrington presented a claim against Gale Manufacturing Company, Albion Malleable Iron Company, and Brooks Foundry Company, and Michigan State Accident Fund, its insurer, for injuries arising from pneumoconiosis. Award to plaintiff against Gale Manufacturing Company, and against Brooks Foundry Company and its insurer for apportionment of part of the award; Albion Malleable Iron Company dismissed. Gale Manufacturing Company appealed to Workmen's Compensation Appeal Board. Award amended to dismiss as to Brooks Foundry Company and its insurer. Gale Manufacturing Company appealed to Court of Appeals. Affirmed. Gale Manufacturing Company appeals. Affirmed.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendant Gale Manufacturing Company.

*Stanley F. Dodge and Peter B. Munroe,* for defendants Brooks Foundry Company and Michigan State Accident Fund.

BLACK, J. *Trellsite Foundry & Stamping Company* v. *Enterprise Foundry,* 365 Mich 209, flatly held that the provision in section 9 of part 7 of the workmen's compensation act (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228]) which relates to the apportion-

ment of an award was unconstitutional. Pointing to the distinction between substantive due process and procedural due process, we went on to say (pp 214, 215):

"Naturally, a statutory provision affecting private substantive rights in the interests of the general welfare might be reasonable and hence valid in its application to certain circumstances and the reverse as applied to others. The test of reasonableness has not, however, been applied to the right of procedural due process. It is absolute. Statutory enactments authorizing proceedings for taking life, liberty, or property without providing for procedural due process therein cannot stand under constitutional exactments. As applied to the instant case, the apportionment provision of the statute, in failing to provide for notice of hearing on compensation to prior employers, is unconstitutional, leaving no legal basis for a right of apportionment or contribution, regardless of whether notice is or is not served on former employers in a given case."

When the legislature considered and enacted amendatory PA 1962, No 189, that body presumptively held *Trellsite's* majority opinion in one hand and, in the other, the decision upon which the seated panel of the Court of Appeals (2 Mich App 204) relied principally for holding that Act 189 was not effective retroactively. That decision is *In re Davis' Estate*, 330 Mich 647.* Therein the Court quoted and applied, from *Detroit Trust Co.* v. *City of Detroit*, 269 Mich 81, 84, this firm rule:

"We think it is settled as a general rule in this State, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

---

* In *Welsh* v. *Ohanesian*, 378 Mich 24, four Justices, the undersigned being one, followed and applied the rule of *Davis*.

" 'Indeed, the rule to be derived from the compari-
son of a vast number of judicial utterances upon
this subject, seems to be, that, even in the absence
of constitutional obstacles to retroaction, a construc-
tion giving to a statute a prospective operation is
always to be preferred, unless a purpose to give it
a retrospective force is expressed by clear and posi-
tive command, or to be inferred by necessary, un-
equivocal and unavoidable implication from the
words of the statute taken by themselves and in
connection with the subject matter, and the occasion
of the enactment, admitting of no reasonable doubt,
but precluding all question as to such intention.'
Endlich, Interpretation of Statutes, § 271."

Act 189 was conceived and born of *Trellsite*. The
legislature sought to enact a statute providing that
which, in the constitutional sense, its membership
had never provided before. By legal presumption
all of the senators and representatives knew at the
time that an unconstitutional statutory provision
though in form and name a law is from the begin-
ning no law at all; that the invalidity thereof dates
from the time of enactment rather than the time
of decision branding the provision as unconstitu-
tional, and that such a provision is at no time ef-
fective for any purpose. The panel below so held.
Now with that knowledge at hand, what did the
senators and representatives do by way of prospec-
tive or retroactive hint to the judicial branch?

Nothing in the "context of the statute" (referring
to Act 189) "clearly" or otherwise suggests an in-
tention to render it retro-effective. Neither does
the wording thereof manifest or imply unavoidably
a purpose other than that which is presumptive,
that is, prospective operation and effect. I think
we should apply the *Davis* and *Detroit Trust Cases*
rather than ignore them, thereby upholding a settled
rule of statutory construction and thereby reining

up short our past tendencies to manufacture more and more now-for-then law by undue and unjudicious process.

To summarize: I agree specifically with the panel below that *Trellsite's* prevailing opinion "destroyed CL 1948, § 417.9 *ab initio*" and that Act 189 provides no hint of legislative intent that it should apply retroactively as claimed. On that ground my vote to affirm is cast.

KELLY, T. M. KAVANAGH, and ADAMS, JJ., concurred with BLACK, J.

SOURIS, J. (*concurring*). In *Leonard v. Lans Corporation* (1967), 379 Mich 147, the undersigned in dissent wrote to hold that the amendment of section 9, part 7, of the workmen's compensation law by PA 1962, No 189, effective March 28, 1963,[1] is applicable to an occupational disease disability claim arising prior thereto. In *Leonard,* all proceedings before the workmen's compensation department, including the filing of claimant's application for hearing and adjustment of claim and his last employer's motion for apportionment of liability between it and prior employers, were taken after March 28, 1963, the amendatory act's effective date, and pursuant to its provisions, although claimant's disability occurred prior to that date. In the five cases considered herein,[2] however, proceedings

[1] Amending CL 1948, § 417.9 (Stat Ann 1963 Cum Supp § 17.228). See, currently, CL 1948, § 417.9, as amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.228).

[2] Four of the cases (Briggs, Habetler, Harris, and Wright *v.* Campbell, Wyant & Cannon Foundry Company, Division of Textron American, Inc., Liberty Mutual Insurance Company, Campbell, Wyant & Cannon Foundry Co., Inc., and Michigan Mutual Liability Company) were consolidated on appeal to the Court of Appeals and the fifth (Harrington *v.* Gale Manufacturing Company, Brooks Foundry Company and Michigan State Accident Fund) was submitted with them for decision by the Court of Appeals. That court held that Act 189 was not applicable to claims arising prior to its effective date. *Briggs* v. *Campbell, Wyant & Cannon Foundry Company* (1966), 2 Mich App 204. We granted leave to appeal to this Court.

before the department had been commenced and the
referee's hearing on liability concluded before the
act's effective date. Notwithstanding the absence
of statutory authority in effect at the time, our de-
cision in *Trellsite Foundry & Stamping Company* v.
*Enterprise Foundry* (1961) 365 Mich 209, having
invalidated the procedure theretofore specified in
section 9, part 7,[3] prior employers of the claimants
in Habetler, Harris, Wright, and Harrington were
ordered added as parties defendant before the effec-
tive date of the amendatory act in proceedings either
before the hearing referee or the appeal board. In
Briggs, the referee's award of compensation to claim-
ant was before the appeal board for review when, in
April of 1963, that board added prior employers as
parties defendant. In none of the cases, however,
was apportionment of liability ordered by the appeal
board, it having concluded that Act 189 was not ap-
plicable to claims arising before its effective date.
On appeal to the Court of Appeals, that Court af-
firmed for the same reason. *Briggs* v. *Campbell,
Wyant & Cannon Foundry Company* (1966), 2 Mich
App 204. We affirm also, but for other reasons.

In *Trellsite,* we denied that a valid apportionment
award could be entered in apportionment proceed-
ings of which prior employers were given notice and
in which they were accorded an opportunity to parti-
cipate and to contest the hearing referee's previous
award of compensation as then provided by section
9, part 7. In our decision in *Trellsite,* p 213, our
majority expressly disavowed the contention there
made upon us that a valid apportionment award
may enter, even absent constitutionally valid statu-
tory procedures therefor, when notice of the hearing
on compensation before the referee has been served
upon prior employers and they have participated

---

[3] CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.228).

therein. Considering the statutory nature of the powers exercised by the department and by its appeal board and our many decisions requiring strict compliance with statutory requirements in such proceedings, we conclude that the apportionment proceedings conducted in Habetler, Harris, Wright and Harrington before the effective date of Act 189 and without statutory authority therefor were beyond the powers of the department and its appeal board and, consequently, that no valid apportionment orders could have been entered in those cases. In Briggs, while the order adding a prior employer and its carrier as parties defendant was made following the effective date of the amendatory act, the amended provisions of the statute were not followed, the referee's hearing already then having been concluded. Failure to follow the statutory procedure, because the compensation hearing before the referee already had been concluded when the act became effective, is fatal to appellants' claims.

Affirmed. Costs may be taxed.

Dethmers, C. J., and O'Hara, J., concurred with Souris, J.

Brennan, J., did not participate in the decision of this case.